NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 21 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MAURICIO ELIAS TORRES-PALACIOS; MAURICIO NOE TORRES-REYES; ALLISON TORRES-REYES; SONIA ESTELA REYES-DE TORRES; JERSON ELIAS TORRES-REYES, <br><br> Petitioners, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 20-73579 <br><br> Agency Nos. A209-893-525 <br> A209-893-526 <br> A209-893-527 <br> A209-891-711 <br> A209-891-712 <br><br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 18, 2026**
San Francisco, California

Before: WARDLAW, BEA, and SANCHEZ, Circuit Judges.

Petitioners Mauricio Elias Torres-Palacios, his wife, Sonia Estela Reyes-de

Torres, and their three children are natives and citizens of El Salvador. They

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

petition for review of a decision of the Board of Immigration Appeals ("BIA") affirming an order of an Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

We review only the BIA's decision, except to the extent that it expressly adopts the IJ's reasoning. *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006). Legal questions are reviewed de novo, *Manzano v. Garland*, 104 F.4th 1202, 1206 (9th Cir. 2024), and factual findings, including about a "persecutor's motivations for persecuting the petitioner," are reviewed for substantial evidence, *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018 (9th Cir. 2023). Under that "highly deferential standard," we reverse only if "any reasonable adjudicator would be *compelled* to conclude to the contrary." *Id.* at 1016 (quoting *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022)).

1.      Substantial evidence supports the agency's denial of asylum and withholding of removal. Petitioners argue that their nuclear family constitutes a particular social group, but they have failed to demonstrate a causal nexus between their claimed persecution and their family membership. The record here shows that petitioners faced threats from gang members demanding monthly payments after the gang observed that Reyes-de Torres worked at her jewelry business and that the

2

family owned their land. Petitioners were only harmed when they refused to pay the gang, and there is no indication that the gang's threats continued from the period of January 2015 to October 2016 when Petitioners met the extortion demands. The record also shows that El Salvadorians outside of Petitioners' family are regularly harmed when gangs pursue payments in similar fashion. *See Rodriguez-Zuniga*, 69 F.4th at 1020 n.2, 1025 (explaining that though some persecutors may have "mixed motives," there is no nexus where financial gain is "the persecutor's exclusive motivation"). Though the gang continued to target Petitioners' property and gang members beat Reyes-de Torres's brother after Petitioners fled, Reyes-de Torres testified that the gang beat him to obtain information about Petitioners' location. *Id.* at 1019–20 (finding no nexus where targeting is used "only as an instrumental means to obtain money"). As the agency determined, Petitioners have not sufficiently presented evidence of a nexus between their persecution and a protected ground, and therefore both the asylum and withholding of removal claims were appropriately denied. *Id.* at 1018 ("[W]here, as here, the agency concludes that the petitioner has not shown any nexus whatsoever, then the petitioner fails to establish past persecution for both asylum and withholding.").

2.     Substantial evidence supports the BIA's denial of CAT protection. Petitioners have not pointed to any record evidence that they face a likelihood of

torture or that police would acquiesce to such torture. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1148 (9th Cir. 2021) (holding that "a speculative fear of torture is insufficient to satisfy the 'more likely than not' standard"). Petitioners have not experienced torture in the past, and they did not contact police or other authorities to report the threats they received. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) (holding that for CAT protection, a petitioner must show "evidence of corruption or other inability or unwillingness to oppose criminal organizations"). The evidence before us does not compel reversal of the BIA's denial of CAT relief.

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal remains in effect until the mandate issues. The motion for a stay of removal (Dkt. 5) is otherwise denied.